09-1179-cv
Westport Ins. Corp. v. National City Warehouse Res.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of September, two thousand and ten.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WESTPORT INSURANCE CORP.,

> *Plaintiff-Appellee,*

> v.                                                        No. 09-1179

NATIONAL CITY WAREHOUSE RESOURCES,

> *Defendant-Appellant,*

RICHARD LASCHEVER,

> *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

FOR DEFENDANT-APPELLANT:   DANIEL A. SCHWARTZ (Megan M. Youngling, *on the brief*), Pullman & Comley, LLC, Hartford, CT.

FOR PLAINTIFF-APPELLEE:   CHRISTOPHER L. BRIGHAM, Updike, Kelly & Spellacy, P.C., New Haven, CT (Robert P. Conlon, James W. Kienzle, Mark R. Schmidt, *of counsel,* Walker Wilcox Matousek LLP, Chicago, IL).

Appeal by defendant-appellant National City Warehouse Resources ("National City") from the declaratory judgment in favor of plaintiff-appellee Westport Insurance Corp. ("Westport") entered by the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is DISMISSED as moot.

National City appeals a declaratory judgment for Westport entered by the District Court. Westport sought a declaratory judgment granting rescission of a professional liability policy it provided for Richard Laschever ("Laschever"), a Connecticut attorney, based upon material misrepresentations made by Laschever in a series of policy renewal forms. We assume the parties' familiarity with the facts and procedural history of this action.

On September 26, 2008, the District Court filed a memorandum of decision denying Westport's motion for summary judgment. The District Court concluded that, under Connecticut law, Laschever did not knowingly misrepresent various claims asserted against him individually or against him as an associate of the Matrix Investment Corporation. On November 10, 2008, following a motion for reconsideration, the District Court reversed its original order and granted summary judgment for Westport and against all defendants, declaring that the policy was void *ab initio*. On November 19, 2008, National City moved for reconsideration of the November 10 decision. On February 25, 2009 the District Court granted National City's motion for reconsideration but adhered to its decision to grant summary judgment to Westport. National City filed a notice of appeal on March 23, 2009.

Immediately following the District Court's order adhering to its decision to grant summary judgment in favor of Westport, Westport sent a letter to Laschever reporting the District Court's decision and offering him a check for $4272, constituting reimbursement of the premium paid for the policy. The letter explained that "by negotiating this check, you are acknowledging that the . . .

2

policy is rescinded and rendered *void ab initio*." Ex. C, Pl.'s Motion to Dismiss Appeal, June 12, 2009. Laschever negotiated the check and has discontinued participation in this case.

National City contends that Westport was prohibited from settling with Laschever by virtue of Connecticut's direct action statute. Conn. Gen. Stat. Ann. § 38a-321 (West 2007). That statute provides that a contract of insurance shall not be "cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void." *Id.* Although this language does not indicate whether the phrase "become responsible" means that the assured has committed the act that might result in legal liability or that legal liability has been imposed, subsequent language makes clear that the injured party's right of subrogation directly against the insurer arises only "[u]pon the recovery of a final judgment" against the assured. *Id.* It is undisputed that National City had not recovered a judgment against Laschever prior to the settlement between Westport and Laschever that resulted in rescission of the policy. The direct action statute did not prohibit rescission of the policy.

Under Article III of the Constitution, "an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) (internal quotation marks omitted). "[A]t all times, the dispute before the court must be real and live, not feigned, academic, or conjectural. When the issues in dispute between the parties are no longer live, a case becomes moot, and the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed." *Lillbask v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (internal quotation marks and citations omitted). We are thus obligated, at all times, to be mindful of whether "'the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 497 (1969)).

National City was brought into this case as a "necessary defendant" in accordance with federal and state practice. *See* Fed. R. Civ. P. 19(a);[1] Conn. Practice Book, Sec. 17–56 (2010) ("All persons who have an interest in the subject matter of the requested declaratory judgment that is

---

[1] Federal Rule of Civil Procedure 19(a) reads, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest. . . .

direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action shall be made parties to the action or shall be given reasonable notice thereof.").

Laschever accepted the declaratory judgment of the District Court in favor of Westport when he negotiated his premium check with Westport and thereby accepted that the policy was void *ab initio*. He has shown no indication that he wishes to appeal the decision of the District Court. National City was not consulted on the negotiation of the premium check although it had been joined to this action as a "necessary defendant." Nonetheless, National City has no live claim against Westport, much less one that could be vindicated in this action. National City conceded at oral argument that at this time it has no direct claim against Westport under Connecticut law, *see* Conn. Gen. Stat. Ann. § 38a-321 (West 2007) (establishing a cause of action for third parties against insurance companies only after the court has entered a final judgment against the insured), and its interest in the insurance policy can, at best, be described as a contingent future interest based upon the result of its pending lawsuit in the District Court against Laschever, *see* Complaint, *National City Warehouse Res. v. Matrix Inv. Corp., et. al.*, No. 3:05-cv-01450 (D.Conn. Sept. 15, 2005). Accordingly, once Laschever and Westport accepted the policy as void *ab initio*, the controversy upon which the present suit was based became moot.

## CONCLUSION

For the reasons stated above, this appeal is DISMISSED as moot.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court